Filed 8/31/21  P. v. Myers CA2/1
Opinion after vacating opinion filed on 6/28/21

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306667 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA061108) |
| v. | |
| MARK DAMON MYERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Mark Damon Myers challenges the trial court's summary denial of his petition under Penal Code[1] section 1170.95 for resentencing on his murder conviction. He argues that the trial court erred by denying his petition without appointing counsel to represent him, and by determining that the jury's finding of a felony-murder special circumstance (§ 190.2, subd. (a)(17)) made him ineligible for resentencing as a matter of law. We hold that the failure to appoint counsel was harmless error, and on that basis, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2006, a jury convicted Myers of one count of murder (§ 187, subd. (a)), three counts of robbery (§ 211), one count of preventing a witness from testifying (§ 136.1, subd. (a)(2)), and one count of conspiracy (§ 182, subd. (a)(1)). In addition, the jury found true an allegation of a felony-murder special circumstance (§ 190.2, subd. (a)(17)). The trial court sentenced Myers to life in prison without the possibility of parole.

In a nonpublished opinion, we described the facts of the case: "Defendant, a member of the Eastside Longo criminal street gang, was a longtime acquaintance of murder victim Rudolpho Rodriguez and Rodriguez's girlfriend, Christina James, both of whom were methamphetamine users. Gregory Clark and Jo'el Bruce, with whom defendant was also acquainted, lived next door to defendant's grandmother in the City of Signal Hill. At one point defendant asked Clark if defendant could go into the methamphetamine dealing business with Clark. Clark declined.

---

[1] Subsequent statutory references are to the Penal Code.

"On April 15, 2004, Rodriguez and James went to visit Clark and Bruce at their home. As Rodriguez and James approached the Clark-Bruce house, they saw defendant standing on the porch of his grandmother's house. Defendant told Rodriguez that he wanted to talk to him. Rodriguez agreed and the two talked for five to 10 minutes while James visited with Clark and Bruce. Rodriguez then joined James, Clark and Bruce inside the Clark-Bruce residence.

"About five minutes later, defendant knocked on the door of the Clark-Bruce residence and was let in by Clark. Defendant was accompanied by two men, one of whom displayed a gun. Defendant told those in the room that they were being 'taxed' and ordered them to hand over their valuables. Clark handed over his rings and about $200 in cash. Three cell phones were taken from James's purse. Rodriguez asked defendant's two accomplices for their names. Defendant responded that Rodriguez should not be concerned and that Rodriguez should remember that defendant was from Eastside Longo.

"According to James, after the cell phones had been taken from her purse the accomplice who had the gun told James to take off her jewelry. Rodriguez then stood up, 'said that they would have to shoot him now,' and hit defendant in the head. Defendant said, ' "Shoot him, just shoot him," ' and the accomplice with the gun shot Rodriguez.

"According to Clark, the accomplice with the gun pointed it at Rodriguez and told Rodriguez to empty his pockets. After doing so, Rodriguez said to defendant, ' "now you're going to have to shoot me." And advanced on [defendant].' Rodriguez 'threw the first punch' and the two struggled 'somewhat.' Clark next

3

saw a flash, heard a gunshot, and saw Rodriguez fall to the floor. Clark did not recall anyone saying, 'Shoot him.'

"Following the shooting, defendant and his accomplices fled. Rodriguez was taken to the hospital, where he died of a single gunshot wound to the torso. The fatal bullet was recovered from Rodriguez's body. A spent bullet casing was found at the scene." (*People v. Myers* (Dec. 17, 2008, B206153) [nonpub. opn.] (*Myers*).)

In his direct appeal, Myers argued that the trial court erred by giving the jury instructions as to the special circumstance for felony murder that were appropriate where the defendant was the actual killer, even though the evidence showed Myers did not kill the victim. We agreed but held that the error was harmless beyond a reasonable doubt because Myers was, at a minimum, a major participant in the robbery and acted with reckless indifference to human life.[2] (*Myers*, *supra*, B206153, at pp. 5–7.) For this reason, "[w]e conclude[d] that a properly instructed jury would have found true the robbery special circumstance alleged against defendant." (*Id.* at pp. 6–7.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which abolished the natural and probable consequences doctrine in cases of murder, and limited the application of the felony-murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Under the new law, a conviction for felony murder requires proof that the defendant was either the actual killer, acted with the intent to kill, or "was a major participant in the

---

[2] Because there was a dispute as to whether Myers ordered his accomplice to shoot Rodriguez, we could not say conclusively that Myers acted with the intent to kill.

4

underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).) The legislation also enacted section 1170.95, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

Myers filed a petition for resentencing on February 25, 2020. The trial court did not appoint counsel to represent Myers, and summarily denied the petition on the ground that the record of conviction, including our opinion in his direct appeal, showed as a matter of law that he was a major participant in the felony who acted with reckless indifference to human life and was therefore ineligible for resentencing.

## DISCUSSION

Myers contends that the trial court erred by denying his petition without appointing counsel to represent him. The Attorney General concedes this is the case, and we agree. In *People v. Lewis* (2021) 11 Cal.5th 952, 960−970 (*Lewis*), the Supreme Court held that the trial court must appoint counsel to represent the petitioner in all cases where, as here, the petition is facially sufficient.[3]

This is not the end of our inquiry, however. The failure to appoint counsel in a proceeding under section 1170.95 is an error of state statutory law only, and is not a violation of the

---

[3] After the parties had filed their briefs in this case, the Supreme Court released its opinion in *Lewis*. We allowed the parties to file supplemental briefs to explain how *Lewis* affects this case.

5

defendant's constitutional rights. (*Lewis*, *supra*, 11 Cal.5th at pp. 972–973.) We therefore review for harmless error under the *Watson*[4] standard, under which the defendant "must . . . 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*Id.* at p. 974.) This means he " 'has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid.*)

To avoid summary denial, a petitioner must make a prima facie case that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective" as a part of Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) At the prima facie stage, the court applies a standard of review "analogous" to the "prima facie inquiry in habeas corpus proceedings." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In this review, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

---

[4] *People v. Watson* (1956) 46 Cal.2d 818.

Myers has failed to make a prima facie case under this standard. In our prior opinion in this case, we held that the felony-murder special circumstance was valid because Myers was at least a major participant in the robbery and acted with reckless indifference to human life. This is the same finding required for a conviction of felony murder under the newly amended section 189. (See § 189, subd. (e)(3).) He is therefore ineligible for resentencing as a matter of law because he cannot show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective" in Senate Bill No. 1437, as is required to be eligible for resentencing. (§ 1170.95, subd. (a)(3).)

In *Lewis*, the Supreme Court cautioned that the "trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 980 . . . )" (*Lewis, supra,* 11 Cal.5th at p. 972) in recognition of the fact that "the 'prima facie bar was intentionally and correctly set very low.' " (*Ibid.*) But in this case, we need not conduct any factfinding, nor must we go beyond the holding in our previous opinion to conclude as a matter of law that Myers is ineligible.

Myers disagrees with this conclusion. He argues that the jury's special circumstance finding does not preclude him from relief under section 1170.95 because, in the years following the affirmance of his conviction on appeal, the Supreme Court clarified the definition of major participation and reckless indifference to human life in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Because no court has considered whether he was a major participant who acted with reckless indifference under

7

the *Banks*/*Clark* standard, he contends that the trial court could not have found as a matter of law that he was ineligible for resentencing.

Within the past year, more than a dozen published opinions in the Court of Appeal have considered this question, and have reached divergent conclusions. We have addressed the issue ourselves three times in *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (*Galvan*), *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted November 18, 2020, S264978 (*Murillo*), and *People v. Allison* (2020) 55 Cal.App.5th 449 (*Allison*). In all three cases, we concluded that a defendant with a pre-*Banks*/*Clark* felony-murder special circumstance finding is ineligible for resentencing under section 1170.95, and that a trial court does not err by summarily denying a defendant's petition on that basis.[5]

---

[5] The opinions reaching the same conclusion include *People v. Nunez* (2020) 57 Cal.App.5th 78, review granted January 13, 2021, S265918, *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033, *People v. Jones* (2020) 56 Cal.App.5th 474, review granted January 27, 2021, S265854, and *People v. Simmons* (2021) 65 Cal.App.5th 739. Other courts have disagreed. (See *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, review granted, April 28, 2021, S267802; *People v. Secrease* (2021) 63 Cal.App.5th 231, review granted June 30, 2021, S268862; *People v. Pineda* (2021) 66 Cal.App.5th 792; *People v. Gonzalez* (2021) 65 Cal.App.5th 420; and *People v. Arias* (2021) 66 Cal.App.5th 987.)

There is no need to repeat arguments that have been thoroughly addressed in the above opinions.  We stand by our analysis in *Galvan*, *Murillo*, and *Allison*, and on that basis we hold that Myers is unable to make a prima facie case for relief under section 1170.95.  Because Myers has not shown that " ' "it is reasonably probable that if [he . . . ] had been afforded assistance of counsel his . . . petition would not have been summarily denied without an evidentiary hearing" ' " (*Lewis*, *supra*, 11 Cal.5th at p. 974), the error in denying his petition was harmless.

This does not leave Myers without any means of challenging the validity of the special circumstance finding, however.  As we noted in *Galvan*, a defendant with a pre-*Banks*/*Clark* special circumstance finding may challenge the sufficiency of the evidence for the special circumstance by means of a habeas corpus petition.  (*Galvan*, *supra*, 52 Cal.App.5th at p. 1141, review granted; *In re Scoggins* (2020) 9 Cal.5th 667, 673–674.)  Myers filed a habeas corpus petition on March 21, 2019, which we denied "without prejudice to petitioner's filing a new petition in the superior court, in accordance with and pursuant to Senate Bill No. 1437 and . . . section 1170.95."  At the time we issued that order, we had not yet considered this issue fully or reached the conclusion we reached in *Galvan*, *Murillo*, *Allison*, and in this case.  Given the evolution of our jurisprudence on this issue, fairness dictates that our denial of his previous petition should not prejudice Myers from filing a new habeas corpus petition with this court pursuant to *Galvan*, *Murillo* and *Allison*.

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.